UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PAULETTE FULLER | CIVIL ACTION NO. 13-502 |
| -vs- | DISTRICT JUDGE DRELL |
| CMH HOMES, INC. et al | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION ON MOTION TO REMAND

Before the Court is plaintiffs' MOTION TO REMAND, **Doc. # 8**, referred to me by the district judge for report and recommendation.

### FACTUAL BACKGROUND

Plaintiffs sued in state court alleging that she purchased a mobile home from defendant CMH Homes, Inc. d/b/a Clayton Homes of Natchitoches, Louisiana (Clayton). Plaintiff dealt with defendant Walter Poche, the General Manager[1] of Clayton in making the deal to purchase a mobile home. Plaintiff claims that defendants failed to deliver the mobile home as ordered and failed to install it properly. Specifically, plaintiff sets forth claims of unfair trade practices by failing to comply with the contract, a claim that the model delivered was different than the one she had ordered and had fewer square feet, a claim for "recision" (rescission[2]) of the sale, and for attorney fees and costs.

---

[1] Plaintiff's complaint lists Poche both as General Manager and as Assistant Manager.

[2] See La CC Art. 2520 et seq.

Fuller sued the company, a Tennessee corporation, and the manager she had dealt with, Poche. The company timely filed a notice of removal to this court asserting that Poche is "improperly" joined.[3] Plaintiffs have filed this motion to remand on the basis that Poche was properly joined for his own fault, is a resident of Louisiana and, therefore, complete diversity of the parties does not exist.[4]

DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper

---

[3] The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th C. 2004). However, the term "improper joinder" is less precise and is sometimes cause for confusion, particularly where issues are presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21 as well longstanding concepts of joinder under Louisiana law.

[4] Consent to removal is not required to be given by a fraudulently joined defendant.

Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, the manager/agent, Poche. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.*

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990.

ANALYSIS

As described above, plaintiff's claim against Poche is that the company delivered a different model mobile home than she had ordered. However, plaintiff's agreement was with Clayton, not Poche. Poche was not the seller, Clayton was. Poche cannot be liable for breach of a contract to which he was not a party. Rather, Poche was a disclosed agent[5] of Clayton. Plaintiff knew she was dealing with Poche as an agent for Clayton. As such, Poche cannot be liable unless he exceeded the scope of the agency.  See La. CC Art 3016; see also,  French v. State Farm Ins. Co., 156 F.R.D. 159 (S.D. Tex. 1994).Here, the only claim set forth in the petition is that Clayton delivered the wrong mobile home; there is no allegation which can be construed as claiming Poche exceeded his authority.[6]

Similarly, to the extent there were any defects in the home, Poche cannot be liable in redhibition for again, he was not party to the contract–i.e. he was not the seller of the home. See La CC Art. 2520 et seq.

---

[5] In Louisiana, a "mandatary". See La. CC Art. 2989 et seq.

[6] In the insurance company adjuster context, which is sui generis and not necessarily applicable here, it is generally held that the adjuster may not be individually liable although some courts have held an adjuster may be liable if he has undertaken a personal duty to the insured. See discussion in Motin v. Travelers Ins. Co., 2003 WL 22533673 (E.D. La.). There is no allegation here that Poche undertook a personal duty toward plaintiff. Further, despite the cases I have found which give lip service to the theoretical possibility of an insurance adjuster's liability, I have found no case which casts an adjuster in judgment nor have plaintiffs directed the court to one.

Nor can Poche be liable for unfair trade practices. First, he was not the seller. Second, there are no allegations of fraud, violation of public policy or unethical conduct. He is merely accused of having delivered the wrong product on behalf of his employer.  See <u>Belle Pass Terminal, Inc. V. Jolin, Inc.</u>, 618 So.2d 1076 (La. App. 1st Cir. 1993).

Therefore, I find that there is no reasonable basis to predict recovery against Clayton's agent, Poche, and his presence in the case should be ignored for purposes of the jurisdictional analysis. Because complete diversity then exists, the motion to remand should be denied.

CONCLUSION

For the foregoing reasons, because complete diversity exists, the plaintiffs' motion to remand (Doc. **8**) should be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS**

**SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 17th day of May, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE