RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _12_/_3_/_13_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

PAULETTE FULLER

VERSUS

CMH HOMES, INC., et al.

DOCKET NO. 1:13-cv-0502

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is defendants' motion to stay proceedings pending arbitration (Doc. 21). The motion has been referred to me for report and recommendation by order of the district judge on October 23, 2013.

Factual Background

On February 7, 2012, plaintiff, Paulette Fuller ("Fuller"), purchased a manufactured home from CMH Homes in Natchitoches, Louisiana. In connection with the purchase, Fuller completed paperwork which included a sales agreement and a document entitled "Retailer Closing Agreement". Included within the Retailer Closing Agreement was a section entitled, "Arbitration Agreement". That section provided in pertinent part:

Arbitration Agreement:

A. Agreement to Arbitrate: Buyer and Retailer ("Parties") agree to mandatory, binding arbitration ("Arbitration") of all disputes, claims and causes of action, ("Claims") relating to the Contract, any products, services, insurance or other real property sold under or leading up to the Contract, and the servicing and interpretation of the Contract, except that the enforceability of this Arbitration Agreement shall be determined by a court. This Arbitration Agreement supercedes any other agreements to arbitrate. The Parties agree to consolidate

all related Claims against other parties into one
Arbitration under this Arbitration Agreement, <u>if</u> the
other party agrees to be joined.  This Arbitration
Agreement covers all who sign the Contract and any
occupants of the Home.

                \*           \*           \*

**D.  <u>Notice</u>: Buyer understand that this Arbitration
Agreement is important and that the terms of this
Arbitration Agreement affect Buyer's legal rights.  By
signing this Agreement, Buyer acknowledges that Buyer
understands and agrees to be bound by this Arbitration
Agreement.  If Buyer does not understand any of the terms
of this Arbitration Agreement, then Buyer should seek
independent legal advice before signing this Agreement.**

(Doc. 22, p. 4-5).

Fuller filed a lawsuit in the 10th Judicial District Court, Parish of Natchitoches, Louisiana on February 5, 2013, asserting claims for breach of contract, redhibition and unfair trade practices against CMH Homes, Inc. and Walter Poche.  She sought an unspecified sum of damages, recision of the sale, a refund of the purchase price and installation expenses, interest, attorneys fees and costs (Doc. 1-4).

On March 8, 2013, defendants removed the case to this court. Fuller filed a motion to remand on April 19, 2013 and on June 8, 2013, the motion was denied.  Thereafter, Fuller's attorney withdrew as counsel and Fuller became a pro se plaintiff in the litigation.

On October 21, 2013, defendants filed a motion to stay proceedings and compel arbitration (Doc. 21).  Fuller has not

responded and the deadline to file an objection has passed. Accordingly, the matter is ripe for consideration and report and recommendation (Doc. 26-28).

Law and Analysis

The Federal Arbitration Act clearly requires courts to direct parties to arbitrate when there is a valid arbitration agreement.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3. Before the court can be "satisfied" that arbitration is the proper venue for the matter, it must engage in a detailed analysis.

The court must first determine whether the parties agreed to arbitration. That determination is made by examining whether the agreement is valid and whether the dispute falls within the scope of the agreement. JP Morgan Chase & Co. v. Conegie ex rel. Lee, 492 F.3d 596, 598 (5th Cir. 2007). If the court concludes the parties agreed to arbitrate, it must then determine if there are any legal constraints that would preclude enforcement of the agreement. Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc., 473 U.S. 614, 646 (1985). See also Woodmen of the World

3

Insurance Society v. JRY, 320 Fed.Appx. 216 (5th Cir. 2009).

There is nothing before the court indicating Fuller's position regarding the validity of the Arbitration Agreement. Nevertheless, a determination regarding validity must be made and that determination is governed by state contract laws. Fleetwood Enterprises, Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir. 2002) citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). However, the court must first determine which state's law governs as this case is before the court pursuant to diversity jurisdiction and the contract does not contain a choice of law clause.

It is well settled that the choice of law rules of the state in which the district court sits should be examined. Marchesani v. Pellerin-Milner Corp., 269 F.3d 481, 485 (5th Cir. 2001). Louisiana's general policy regarding choice of law is set forth in Civil Code article 3537. The court must "evaluate the strength and pertinence of the relevant policies of the involved states" and in doing so it should consider factors such as the contacts between the states and the parties, the transaction at issue (where it was negotiated, entered into and performed), the location of the object of the contract and the domicile of the parties. Civ.Code. art 3537.

Fuller and Poche are Louisiana residents; CMH Homes is a Tennessee corporation; and, CMH Homes conducts business throughout

Louisiana as Clayton Manufactured Homes. The parties negotiated, entered into and performed the contract to buy/sell a manufactured home in Louisiana. The manufactured home was in and remained in Louisiana. The only ties to Tennessee are CMH Homes status as a Tennessee corporation. Accordingly, Louisiana's ties to the parties and subject of the lawsuit are far more significant and Louisiana contract law shall be applied.

Article 1927 of the Louisiana Civil Code provides "[a] contract is formed by the consent of the parties established through offer and acceptance." The sales agreement and Retailer Closing Agreement were presented by Walter Poche to Fuller in order to perfect the sale of the manufactured home (Doc. 21-2). Both documents were signed "Paulette Fuller" and were dated "February 7, 2012". (Doc. 22). Furthermore, Walter Poche confirmed in his sworn affidavit that the signature belonged to plaintiff as he witnessed her sign both the sales agreement and Retailer Closing Agreement (Doc. 21-2).

There is nothing before the court to indicate that Fuller lacked capacity or did not consent to the sales agreement and/or Retailer Closing Agreement. Likewise, there is no evidence to indicate a defect in the contract or the language therein. Accordingly, the Arbitration Agreement is valid and Fuller agreed to "mandatory and binding arbitration...of all disputes, claims and causes of action...relating to...any products, services, insurance,

or real property sold under or leading up to the Contract." (Doc. 21).  The language of the arbitration clause is broad enough to include all of Fuller's claims as her breach of contract, redhibition and unfair trade practices which relate to the manufactured home and the service provided by the defendants.  See Penzoil Exploration and Production Co. v. Ramco Energy Ltd., 139 F.3d 1061,1067 (5th Cir. 1998).  Accordingly, I find the parties agreed to arbitration.

The second part of the inquiry is whether external legal constraints preclude application of the arbitration clause.  As the parties do not argue, the record does not contain evidence of and I am unaware of any external legal constraints, I recommend the matter be referred to arbitration and this case be stayed pending the outcome of that proceeding.

Conclusion

**IT IS HEREBY RECOMMENDED** that defendants' motion to stay proceeding and compel arbitration (Doc. 21) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the parties be **ORDERED** to proceed to arbitration.

Under the provisions of 28 U.S.C. Section 636(b)(1)© and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the  proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this ____ day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE